[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1737

MICHAEL KEVIN DUPONT,

Plaintiff, Appellant,

v.

LARRY E. DUBOIS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

Michael Kevin DuPont on brief pro se.
Nancy Ankers White, Special Assistant Attorney General, and
David J. Rentsch, Counsel, Department of Correction, on brief for
appellees.

March 26, 2002

**Per Curiam**. Pro se appellant, Michael Kevin DuPont, appeals from the district court's grant of summary judgment for Appellees. We affirm in part, vacate in part, and remand for further proceedings.

On appeal, DuPont complains that the district court failed to address all of the claims alleged in his complaint. Upon careful review of the record, we agree with DuPont that a number of his claims were not considered. The district court, in a margin order, dismissed DuPont's action based substantially on the Appellees' Memorandum in Support of Summary Judgment. The Appellees' memorandum, however, failed to address all of the claims asserted in DuPont's complaint. Most significantly it ignored: (1) a due process claim based on his asserted confinement in the Department Segregation Unit ("DSU") at MCI-Cedar Junction, (2) claims deriving from his alleged treatment while in the DSU; (3) a claim that DuPont was placed in the DSU in retaliation for his testimony in state court; and (4) a claim that DuPont was denied access to the courts as the result of various purported actions by the Appellees.

Our preliminary review of the complaint, to which Appellees have as yet filed no answer, suggests that the undiscussed claims, on their face at least, state claims for relief. The Appellees have presented no affidavits nor

documentary evidence to refute the allegations of fact and have provided us with no legal basis for dismissal below of these claims as they now stand.  We are therefore unable to find support in the record for the grant of summary judgment on the allegations not yet addressed by the Appellees.  Absent a more developed record, the grant of summary judgment on these issues was premature and must be vacated and remanded.

We <u>affirm</u> the grant of summary judgment as to all the issues addressed in the Appellees' Memorandum in Support of Summary Judgment.  As to DuPont's other allegations the grant of summary judgment is <u>vacated</u> and the case is <u>remanded</u> for further proceedings consistent with this opinion.